George MAY, Plaintiff,

v.

Genevieve E. FINN, as Executrix of the Estate of Edgar M. Hill, Jr., deceased, Defendant.

Civ. No. 61-C-618.

United States District Court
E. D. New York.

Dec. 19, 1961.

13. Cf. Persons v. Gerlinger Carrier Company, 227 F.2d 337 (9th Cir. 1955).

Parisi & Louison, by Leo Louison, Brooklyn, N. Y., for defendant, in support of motion.

Walter H. Pickett, Brooklyn, N. Y., for plaintiff, in opposition.

RAYFIEL, District Judge.

The defendant moves to dismiss the complaint herein on three grounds:

1. That the Court lacks jurisdiction to determine the issues raised by the pleadings.

2. That the complaint fails to state a claim upon which relief can be granted.

3. That the complaint fails to join indispensable parties.

Both the plaintiff and the defendant have submitted affidavits which include matters outside the complaint. Hence, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., I shall treat the motion as one for summary judgment under Rule 56 of said Rules.

A résumé of the facts follows: One Edgar M. Hill, Jr., was the owner in fee of certain premises in the Borough of Brooklyn, City of New York, known as No. 204 Livingston Street. He was a resident of the Borough of Manhattan, City of New York. He died on March 18, 1953, leaving a will by the terms of which Genevieve E. Finn, the defendant herein, was named executrix, and the property above referred to was specifically devised to his mother, Minerva M. Hill. The will was duly admitted to probate in the Surrogate's Court, New York County, on April 30, 1953, and the defendant herein was appointed executrix. She duly qualified and is acting as such.

At the death of the testator the property was subject to two mortgages. The first, in the sum of $45,000, was in favor of Harding Johnson, as trustee; the second, in the sum of $10,000, was in favor of Hilda Heckel. The papers do not disclose the balances unpaid on said mortgages at the time of the testator's death, but paragraph "8" of the complaint alleges that the first mortgage was reduced to the extent of $15,250 in the nine months following his death by or in behalf of Minerva M. Hill, the devisee of the property. At the time of his death Mr. Hill was in arrears in the payment of certain New York City real estate taxes on the property. Thereafter, the plaintiff, a resident of Pennsylvania, a brother of Minerva M. Hill and an uncle of the testator, became the owner and holder of the two mortgages through assignment from the original mortgagees. He paid the taxes, and then commenced an action against the said Minerva M. Hill to foreclose the mortgages. After the commencement of the action, and on July 29, 1960, Mrs. Hill executed and delivered a deed to the plaintiff in lieu of foreclosure, which was duly recorded in the Office of the Register of the County of Kings on August 4, 1960, after which the plaintiff entered into possession and control of the property.

Prior thereto, and on or about October 27, 1957, the defendant, as Executrix of the Estate of Edgar M. Hill, Jr., filed an amended and supplemental petition for a voluntary accounting in the Surrogate's Court of New York County, wherein she requested, *inter alia*, the following relief.

"2. That the Executrix be given permission to take possession of the

real property located at 204 Livingston Street to collect the rents and profits thereon.

"3. That the Executrix be given permission to sell the real property located at 204 Livingston Street, Brooklyn, New York, at an upset price to be fixed by this Court for the purpose of paying the funeral, administration expenses and debts and to distribute the balance to the parties entitled thereto."

The petition was entertained, and a citation was served upon Minerva M. Hill. Objections thereto were filed on behalf of several persons and hearings thereon were held before a Special Referee appointed by the Surrogate. On July 28, 1961 a decree was signed by the Surrogate of New York County allowing certain proposed claims and fixing certain administration costs. Under the decree it was further:

"3. Ordered, adjudged and decreed that the Executrix is authorized to take possession of the premises No. 204 Livingston Street, Brooklyn, New York, to collect the rents and profits and to sell said property at an upset price of $45,-000 for the purposes set forth in Section 234 of the Surrogate's Court Act."

After the property was conveyed to the plaintiff by Minerva M. Hill, and in or about August, 1960, the defendant herein, as one of the plaintiffs, both in her capacity as Executrix and personally, with her attorney, Leo Louison, Esq., as creditors, commenced an action in the Supreme Court of the State of New York, Kings County, against the plaintiff herein and Minerva M. Hill, as defendants, to set aside the conveyance on the ground that the estate was insolvent, and that the conveyance was a fraud upon them and the other creditors of the estate. The plaintiff herein appeared in that action and moved unsuccessfully for summary judgment. On appeal the Appellate Division, 13 A.D.2d 979, 216 N. Y.S.2d 753, reversed Special Term, dismissed the complaint, and granted summary judgment to the defendants.

The plaintiff has brought this action:

1. To enjoin the defendant from demanding of the tenants and the superintendent of the building that they pay the rents to her, and from offering the property for sale or otherwise interfering with the plaintiff's ownership, operation and management thereof.

2. For damages resulting from such interference.

3. For a judgment barring the defendant and any person or persons claiming from, through or under her from any claim to or interest in the property.

The defendant has not answered the complaint, making the instant motion to dismiss it. She grounds her motion on the claim that the Surrogate's Court, New York County, had obtained *"in rem"* or *"quasi in rem"* jurisdiction over the property in question, and that this Court should not assume jurisdiction over it.

The plaintiff disputes that claim, contending that the property was not in *custodia legis* in the Surrogate's Court proceedings. He points out that he acquired title to the property by deed in lieu of foreclosure during the pendency of his action to foreclose the mortgages of which he was then the owner and holder. He claims further that he was not a party to the proceeding in the Surrogate's Court, was not served with process therein, and, hence, the Surrogate's Court did not obtain *in personam* jurisdiction over him. That claim is disputed by the defendant who contends that the plaintiff was present during the taking of the deposition of Minerva M. Hill and participated therein as the transcript thereof discloses, and was present also at the trial of the contested accounting proceeding.

The plaintiff argues further that the dismissal of the defendant's complaint in her action in the Supreme Court, Kings County, to set aside the aforementioned conveyance to him is *res judicata* as to that issue, and establishes his title to the property.

The defendant, when she brought the aforementioned Supreme Court action, apparently believed that the conveyance by Minerva M. Hill to the plaintiff removed the property from the jurisdiction of the Surrogate's Court, for in paragraph "22" of her complaint she alleges:

> "22. That the conveyance of the real property as set forth herein deprives the plaintiff of an opportunity to recover from the estate the moneys she has set forth as claims for legal and accounting services prior to the death of the decedent and advances and accounting services before and after the death of the decedent and that the said conveyance is a fraud upon her in this respect *in that it removes from the jurisdiction of this Court and of the Surrogate's Court any and all property within the State of New York.*" (Emphasis mine.)

The position which the defendant takes on this motion is inconsistent with that manifested by the allegations of the complaint set forth in the next preceding paragraph.

It is unnecessary to cite authority for the proposition that a motion for summary judgment may not be granted where there are issues of fact to be determined.

Obviously, there are such issues in the case at bar. Among them are:

1. The validity of the assignments of the mortgages to the plaintiff.

2. The jurisdiction of the Surrogate's Court over the plaintiff in the accounting proceeding.

3. The validity of the transfer of the property from Minerva M. Hill to the plaintiff.

I reject also the defendant's contention that the complaint herein should be dismissed for failure to include the creditors of the estate as indispensable parties. The plaintiff seeks, pursuant to Section 500 of the Real Property Law of the State of New York, to enjoin the *defendant* from interfering with his ownership of the property, and to bar the claims of the defendant and persons claiming *through* her.

The motion is in all respects denied. The defendant will have twenty days after the service upon her attorney of the order to be entered herein, with notice of entry thereof, to answer the complaint.

Settle order on notice.